# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KEVIN J. GOSSERAND, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:10-01226-DGK-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff *pro se* Kevin J. Gosserand seeks judicial review of the Commissioner of Social Security's decision that he must repay an overpayment of benefits made because he failed to disclose that he was working after claiming disability. Plaintiff argues that given his precarious health and poor finances it would be inequitable to make him repay the money. The Commissioner argues that the regulations require repayment unless the claimant is "without fault" in causing the overpayment, and here Plaintiff is clearly partially at fault. Finding that substantial evidence on the record supports the Commissioner's determination that Plaintiff was partially at fault, the Commissioner's decision that the benefits must be repaid is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and will not be repeated here, but the relevant facts are summarized in the "Analysis" section of this order below.

## Standard of Review

A federal court's review of the Commissioner final decision under 42 U.S.C. § 405(g) is limited to whether there is substantial evidence in the record as a whole to support the Commissioner's decision. 42 U.S.C. § 405(g); *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997). When supported by substantial evidence, the Commissioner's findings must be affirmed. *See Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000).* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

On April 15, 2005, the Commissioner found Plaintiff to be disabled as of January 5, 2002. On October 26, 2005, the Appeals Council remanded Plaintiff's case because it discovered from reviewing his earnings record that he had worked since his onset date of disability. In a subsequent decision issued May 26, 2006, the Commissioner found Plaintiff was disabled beginning August 1, 2004. In February 2006, however, the Commissioner mistakenly sent Plaintiff a retroactive payment for benefits withheld from July 2002 to December 31, 2004.[1] On February 21, 2007, notified Plaintiff that he had an overpayment balance of $19,248.

---

[1] Because Plaintiff was found to be disabled beginning August 1, 2004, he was not entitled to any benefits from July 2002 through August 1, 2004. Benefits were also not payable during a five month waiting period from August 1, 2004 through December 31, 2004.

Plaintiff requested a waiver of the overpayment which the Commissioner subsequently denied after determining Plaintiff was at fault in causing the overpayment.

After a hearing before an administrative law judge ("ALJ") and review by the Appeals Council, the Commissioner made three relevant determinations: (1) Plaintiff was overpaid benefits in the amount of $19,248.00; (2) he was at fault in causing and accepting the overpayments under 20 C.F.R. § 404.507; and (3) under these circumstances, recovery of the overpayment cannot be waived pursuant to 20 C.F.R. § 404.506. (Tr. 16.)

These determinations are supported by the record. Plaintiff does not contest the first finding. With respect to the second, there is substantial evidence on the record that Plaintiff was at fault in causing and accepting the overpayment because he signed a work history report on December 20, 2004 which stated that he had not worked as a teacher since June 11, 2001. Plaintiff has subsequently acknowledged that he worked as a substitute teacher in 2004 and 2005 when he earned $9,280.00 and $3,161.00, respectively.

Finally, as to the third determination, the regulations make clear that even if the Commissioner is at fault in making an overpayment, a claimant is still liable for the overpayment if he is not without fault. Under the regulations, a claimant is at fault for an overpayment if: (1) the claimant made an incorrect statement which he knew or should have known was incorrect; (2) the claimant failed to furnish information which he knew or should have known was material; or (3) the claimant accepted payment which he either knew or could have been expected to know was incorrect. 20 C.F.R. §§ 404.507 and 416.552. In this case, it is obvious that Plaintiff's statement that he had not worked as a teacher since 2001 was untrue, and that Plaintiff knew or should have known that this statement was incorrect. Consequently, the Commissioner did not err in holding that recovery of the overpayment could not be waived under these circumstances.

## Conclusion

After careful examination of the record as a whole, the Court finds the Commissioner's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: February 16, 2012                              /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT